995 So.2d 1006 (2008)
Irving PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3456.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
*1007 Irving Palmer, Indiantown, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's motion to correct an illegal sentence. Appellant claims that his sentence, imposed after he violated probation, is illegal because the court failed to impose general conditions of probation when the court sentenced him for the underlying crimes in 1992. To the contrary, the written order of probation provides that the appellant must not violate the law, the general condition of probation which appellant violated. Defendants are constructively on notice of statutorily imposed general conditions of probation and those listed in the standard probation form within the Florida Rules of Criminal Procedure. Maddox v. State, 760 So.2d 89, 105 (Fla.2000). A general condition of probation does not have to be orally imposed at sentencing, and due process is satisfied if it is contained in the written sentencing order. Id. Appellant's claim that he did not receive a copy of the written sentencing order is not a claim cognizable under rule 3.800(a) which requires the claim of illegality to appear on the face of the record.
Affirmed.
SHAHOOD, C.J., WARNER and GROSS, JJ., concur.